## REA v. HEARTY.
### No. 6823.

Circuit Court of Appeals, Ninth Circuit.
Dec. 21, 1932.

Lord & Moulton, of Portland, Or., for appellant.

Senn & Recken, of Portland, Or., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

PER CURIAM.

The judgment is affirmed upon the first ground stated in the charge of Judge Fee instructing the jury to return a verdict in favor of the defendant, as follows:

" * * * The only testimony in this case as to the employment and the phase of transportation being a part of the contract of employment was as to the contract made apparently some years before in 1927, under the uncontradicted testimony in the case, and at that time it was apparently simply a casual matter, even as the testimony was given by the plaintiff. It seems rather to be a casual matter than a part of a contract of employment. Reference was simply made to the other man who was driving a car back and forth, and it was suggested that he ride with him; likewise the testimony was that it was also suggested to the driver of the car.

"Now in June, 1929, this whole place was sold to the present defendant, and the former owner simply became the foreman on the ranch under the defendant. There was no new contract, as far as the court can determine, with this party. There is no testimony, as I understand it, that the driver of the car on February 12th was at that time working for the defendant at all. The testimony is that the plaintiff and a third party, who was also on the witness stand, one Burnett, were working there at the time, and that they went back and forth in Burnett's car, and that this continued up until about some time the 20th of January, as the court remembers the testimony, when Spears came back to work, and for some ten days apparently the three of them rode in Burnett's car. Now the uncontradicted testimony is that there was no conversation about riding with Burnett, or that anybody asked Burnett to transport the plaintiff back and forth.

"Thereafter and about the first of February, these three boys got together and decided among themselves that they would no longer operate the Burnett car but that they would transfer over to the Spears car. The Spears car was not owned by Spears at all, who was an employee, but was owned by his brother. Under these circumstances the court does not believe that the relation of master and servant existed as to the employment. I think on the uncontradicted testimony, the work started when these men got to the place. That was the first ground."

Judgment affirmed.